UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES H. SMITH, Jr,
o/b/o Laurie K. Smith (deceased)
                    Plaintiff,

vs.                                 Case No.  2:06-cv-422-FtM-29SPC

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                    Defendant.
_____

## OPINION AND ORDER

     This matter is before the Court on consideration of
Magistrate Judge Sheri Polster Chappell's Report and Recommendation
(Doc. #15), filed on May 18, 2007, recommending that the
Commissioner's decision to deny social security disability benefits
be affirmed.  Plaintiff filed Objections (Doc. #16) on June 4,
2007, and the Commissioner filed a Notice (Doc. #17) on June 11,
2007, stating that no reply to the objections would be filed.

### I.

     The Court reviews the Commissioner's decision to determine if
it is supported by substantial evidence and based upon proper legal
standards.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158
(11th Cir. 2004).  Substantial evidence is more than a scintilla
but less than a preponderance, and is such relevant evidence as a
reasonable person would accept as adequate to support a conclusion.
Moore v. Barnhart, 405 F.3d 1206, 1211 (11th Cir. 2005); Crawford,

363 F.3d at 1158.  Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence.  <u>Crawford</u>, 363 F.3d at 1158-59.  The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner.  <u>Moore</u>, 405 F.3d at 1211; <u>Dyer v. Barnhart</u>, 395 F.3d 1206, 1210 (11th Cir. 2005).  The magistrate judge, district judge and appellate judges all apply the same legal standards to the review of the Commissioner's decision.  <u>Dyer</u>, 395 F.3d at 1210; <u>Shinn v. Comm'r of Soc. Sec.</u>, 391 F.3d 1276, 1282 (11th Cir. 2004); <u>Phillips v. Barnhart</u>, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

## II.

Plaintiff asserts that the ALJ erred by relying on a vocational expert's response to a hypothetical question which did not contain all of plaintiff's severe limitations.  Specifically, plaintiff argues that the hypothetical question failed to include her panic attacks and urinary and fecal incontinence.  Because of this, plaintiff argues, the ALJ's decision is not supported by substantial evidence.

In response to hypothetical questions which omitted panic attacks and urinary and fecal incontinence, the vocational expert testified that plaintiff could either perform her past relevant work or could perform jobs which existed in significant numbers in the national economy.  (Tr. 330-32.)  When asked to consider the

same hypothetical questions with the inclusion of panic attacks and urinary and fecal incontinence, the vocational expert testified that plaintiff would have a problem with any employment and would be unable to perform any jobs in the national economy.  (Tr. 332-22.)   The ALJ rejected the hypothetical question with the additional impairments. (Tr. 37.) The ALJ found that although plaintiff alleged she must use the restroom 10-15 times a day and has accidents, treatment notes from the Lee Memorial Group reported that plaintiff's incontinence was stable and responded to medication.  (Tr. 32-33.)

### A.

For the reasons stated in the Report and Recommendation (Doc. #15, pp. 18-22), the Court agrees that the panic attacks need not have been included in the hypothetical question posed to the vocational expert.  Therefore, this objection is overrruled.

### B.

Plaintiff argues that while the record may reflect the panic attacks were stable, it does not reflect stability of her incontinence or that it responded to medication.  The Court agrees. As plaintiff sets forth (Doc. #16, pp. 4-5), the administrative record establishes the continued existence of her incontinence and fails to support the ALJ's characterization that it stabilized or responded to medication or was controlled by treatment.    The

-3-

medical evidence thus does not support the failure of the ALJ to include incontinence in his question to the vocational expert.

Later in the Decision the ALJ stated that "Dr. Paletsky did note some stress urinary incontinence and urge urinary incontinence.  Dr. Paletsky recommended the TVT (tension-free vaginal tape) procedure which he felt would rectify the claimant's symptoms.  Of particular note is the fact that there are no records in the file that state the claimant followed-up on Dr. Paletsky's recommendations."  (Tr. 34.)  The Report and Recommendation cites this as evidence that plaintiff failed to follow a prescribed treatment plan that could restore her ability to work, and therefore is not entitled to benefits.  (Doc. #15, p. 22.)

The Commissioner may deny social security disability benefits if a claimant, without good cause, fails to follow a prescribed treatment plan if that treatment could restore her ability to work.  Ellison v. Barnhart, 355 F.3d 1272, 1275 (11th Cir. 2003).  It is not clear in this case that the ALJ refused to include incontinence in his hypothetical question as a sanction for plaintiff's failing to follow a prescribed treatment plan.  If he did so, the ALJ committed error.

Dr. Paletsky's actual note is more amorphous than the ALJ's summary of it.  Dr. Paletsky stated:

> Nick, at this time I discussed workup to include
> cystometrics and a cystoscopy. Ultimately, I think that
> this patient will probably want to increase the quality
> of her life and I had discussed an incontinence
> procedure.  I have been using the TVT (tension-free

> vaginal tape) procedure, which I have found to be very
> rewarding as a minimally invasive procedure to hopefully
> rectify these problems.   I have given this patient
> realistic expectations.

(Tr. 230.)   Given plaintiff's history of breast cancer and chemotherapy, it is not clear that this discussion of the TVT procedure constitutes a prescribed treatment plan which plaintiff was required to undertake in order to qualify for social security benefits.  E.g., McCall v. Bowen, 846 F.2d 1317, 1319 (11th Cir. 1988).  There is no indication what "quality of life" issues or "realistic expectations" were discussed.  Additionally, there is no evidence that plaintiff refused to follow the recommendation (if the discussion may be construed as a recommendation) and no evidence as to the presence or absence of good cause for plaintiff's actions or inaction.  In short, the record simply does not support declining to include incontinence in the hypothetical question under the theory that plaintiff had failed to follow a prescribed treatment plan without good cause.

Accordingly, it is now

**ORDERED**:

1.  The Report and Recommendation (Doc. #15) is **accepted and adopted** by the Court as to all issues except the urinary and fecal incontinence; and this aspect of the Report and Recommendation is rejected.

2.  The Decision of the Commissioner of Social Security is **reversed** and the matter is **remanded** to the Commissioner to include

plaintiff's testimony concerning her urinary and fecal incontinence in a hypothetical question to a vocational expert, or in the alternative, to award benefits.

3.  The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___28th___ day of June, 2007.

JOHN E. STEELE
United States District Judge


Copies:
Hon. Sheri Polster Chappell
U.S. Magistrate Judge

Counsel of Record